Receipt number AUSFCC-8517514

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**CHEREE NEWSOME-PACE,**

    **Plaintiff,**

vs.

**THE UNITED STATES,**

    **Defendant.**

_____/

**CASE NO.:** 23-226 C

**COLLECTVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

**JURY TRIAL DEMANDED**

### COLLECTIVE ACTION COMPLAINT

Plaintiff, Cheree Newsome-Pace, individually and on behalf of all other similarly situated individuals, by and through undersigned counsel, brings suit against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA and Title V require overtime pay for covered employers whose employees work in excess of 8 hours per workday or 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

1

2. Plaintiff, Cheree Newsome-Pace, brings this action individually and on behalf of all other similarly situated current and former "Safety and Occupational Health Managers (Safety Advisors)" who have been employed by Defendant ("Putative Class Members"), at any time from three years preceding the filing of this action through the final disposition of this matter, and have timely filed consent forms to join this collective action. These class members should be informed of the pendency of this action and apprised of their rights. Plaintiff's consent to join this action is attached hereto as **Exhibit 1**.

3. As set forth more fully below, Defendant paid Plaintiff and Putative Class Members overtime compensation at their "straight-time" hourly rate of pay. However, Plaintiff and Putative Class Members are non-exempt employees pursuant to the FLSA and, therefore, are entitled to overtime compensation paid at time-and-one-half their regular rate of pay. As a result, Plaintiff and Putative Class Members have been deprived of the "half-time" premium for all overtime hours worked.

## PARTIES

4. Plaintiff is an individual residing in Norcross, Georgia and worked for Defendant as Reservist responding to federally declared disasters through the United States and its territories.

5. The Putative Class Members include all "Safety and Occupational Health Managers (Safety Advisors)" who were subjected to the same or similar payment policies as Plaintiff at any time from three years preceding the filing of this action through the final disposition of this matter.

6. Defendant, the United States of America, has acted principally through the Federal Emergency Management Agency ("FEMA"), an Agency of the United States Department of Homeland Security. At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue were duly authorized by the United States to take those actions and thus Defendant is responsible for the actions described in this Complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1491.

## FLSA COVERAGE

9. At all material times, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

10. At all material times, Plaintiff and the Putative Class Members are (or were) "employees" as defined by 29 U.S.C. § 203(e).

## WAGE VIOLATIONS

11. Defendant's common compensation policy violated and continues to violate the FLSA and Title V by failing to pay Plaintiff and the Putative Class Members time and one-half their regular rate of pay for all hours worked in excess of 8 hours per workday or 40 hours per workweek.

12. Specifically, Plaintiff worked as a Safety and Occupational Health Manager (Safety Advisor) in the Safety Cadre with FEMA in the Reservist Program from approximately February 2020 to February 2022.

13. Plaintiff and Putative Class Members were all hourly-paid, non-exempt, employees. *See* Plaintiff's offer letter, attached as **Exhibit 2**; job description reflecting hourly rate of pay *available at* https://us-department-of-homeland-security.talentify.io/job/safety-and-occupational-health-manager-washington-dc-us-department-of-homeland-security-fema-22-kwr-556469-imcore (last visited February 13, 2023), and attached as **Exhibit 3**; and job description reflecting hourly rate of pay *available at* https://www.usajobs.gov/job/698346900 (last visited February 13, 2023), and attached as **Exhibit 4**.

14. As hourly-paid, non-exempt employees, Plaintiff and Putative Class Members are entitled to overtime compensation paid at time-and-one-half their regular rate of pay.

15. Plaintiff and Putative Class Members regularly worked more than 8 hours per day and forty (40) hours per week while deployed.

16. Instead of paying overtime compensation at time-and-one-half their rate of pay, Defendant paid Plaintiff and Putative Class Members overtime compensation at their "straight-time" hourly rate of pay.

17. To the extent Defendant contends Plaintiff and Putative Class Members are exempt from the FLSA's overtime requirements such argument will fail because Plaintiff and Putative Class Members are not paid on a "salary basis." Plaintiff and

4

Putative Class Members' pay was not subject to a guaranteed minimum. *See e.g.* October 10, 2020 paystub attached as **Exhibit 5** (showing pay for less than forty (40) hours during one week).

18. Moreover, Plaintiff and Putative Class Members do not perform exempt job duties under any of the exemptions to the FLSA.

19. In light of the foregoing, at all times relevant to this action, Defendant failed to comply with the FLSA because Defendant made no provision to properly pay Plaintiff and the Putative Class Members for all overtime hours worked at the correct rates of pay.

20. Defendant's actions were knowing, willful, or in reckless disregard to its obligations under the FLSA.

21. Plaintiff has retained the services of the undersigned law firm and is obligated to pay the firm a reasonable fee if this claim is successful.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendant as Safety and Occupational Health Managers (Safety Advisors) within three (3) years prior to the commencement of this lawsuit (the "FLSA Class").

23. Potential opt-in members of the collective action are similarly situated to Plaintiff. They all held the same/similar job position and had substantially similar job requirements and pay provisions with Defendant. They are or were subject to the same common practices, policies, and plans of Defendant. They all suffered damages in the nature of lost overtime and other wages resulting from the wrongful conduct of their respective employer-Defendant.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-23 as though fully and completely set forth herein.

25. Defendant's practice of failing to pay Plaintiff and Putative Class Members time-and-a-half rate for hours in excess of 8 hours per workday or forty (40) per workweek violates the FLSA and Title V.

26. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the Putative Class Members.

27. Defendant's failure to properly compensate Plaintiff and Putative Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 8 hours per workday or forty (40) hours in a workweek, results from Defendant's common payment policy or practice that applies to all similarly-situated employees.

28. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation correctly to Plaintiff and Putative Class Members.

29. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30. Accordingly, Plaintiff and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

31. Plaintiff and the Putative Class Members contend that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter.

32. As a result of Defendant's willful violation, Plaintiff and the Putative Class Members are entitled to liquidated damages.

33. Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(i), Plaintiff and the Putative Class Members are entitled to "an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have

earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period."

34. Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(2), Plaintiff and the Putative Class Members are entitled to recover interest, compounded daily, on their back pay damages for a defendant's failure to pay them overtime compensation.

35. Plaintiff and the Putative Class Members also seeks to recover their reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and 5 U.S.C. § 5596(b)(1)(A)(ii).

## PRAYER FOR RELIEF

Plaintiff, on behalf of all other similarly situated persons, respectfully request that this Court enter judgment against the Defendant:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Class Members;

    b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For a declaratory judgment that Defendant has willfully and in bad faith violated the overtime wage provisions of the FLSA, and has deprived Plaintiff and the Putative Class Members of their rights to such compensation;

  d. For an Order requiring Defendant to provide a complete and accurate accounting of all overtime wages to which Plaintiff and all Putative Class Members;

  e. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  f. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

  h. For an Order awarding Plaintiff (and those who have joined in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Putative Class Members further request a trial by jury on all issues triable.

Date: February 15, 2023   Respectfully submitted by:

**MORGAN & MORGAN, P.A**.

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esquire
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244*
*Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com

*ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS*